UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ARDENIA LOWE<br><br>　　　　　Plaintiff,<br>v.<br><br>WELLS FARGO & COMPANY<br><br>　　　　　Defendant. | Case No. 3:16-00165<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

ARDENIA LOWE ("Plaintiff"), brings this action against Defendant WELLS FARGO & COMPANY ("Defendant") to stop Defendant's practice of aggressive and illegal debt collection calls to the cellular telephone of Plaintiff, and to obtain redress for injuries Plaintiff has suffered as a result of Defendant's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### INTRODUCTION

1.　"The right to be let alone is indeed the beginning of all freedom."[1] Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2.　Defendant is a financial institution that engages in reckless and aggressive debt collection practices which outright ignore controlling federal and state law, and the rights of the called parties.

---

[1] *Public Utilities Commission v. Pollak*, 343 U.S. 451, 467 (1952) (Douglas, J., dissenting).

3. Defendant repeatedly made unsolicited calls to Plaintiff's cellular telephone in violation of the TCPA. Defendant made at least 273 unauthorized and illegal calls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") or pre-recorded voice for the purpose of bullying Plaintiff into paying an allegedly deficient balance when she disputes that the debt is owed by her. Defendant also called Plaintiff after she clearly stated she did not wish to be called again.

## PARTIES

4. Plaintiff ARDENIA LOWE is a natural person and citizen of the State of Texas who resides in Hitchcock, Galveston County, Texas.

5. Defendant WELLS FARGO & COMPANY is a corporation organized under the laws of the State of Delaware whose corporate headquarters are located in San Francisco, California. Defendant may be served through its registered agent, Corporation Service Company d/b/a in California as CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive Ste. 150N Sacramento, California 95833.

6. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8.      The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.  Furthermore, the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice. For these same reasons, venue is proper in this District.

**LEGAL BASIS FOR THE CLAIMS**

**The TCPA**

9.      Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent.  If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[2]  Calls that include non-marketing messages require consent, but not written consent.  The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

10.     Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.  47 C.F.R. § 64.1200(f)(8).

_____

specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

11.     The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

12. Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

13. Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

14. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## FACTS

19. Beginning around June 2015, Plaintiff received at least 273 illegal calls from "877-647-8552," which is associated with Defendant.

20. Plaintiff received all calls described above on her cellular telephone assigned a number ending in 3386.

___

21. Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1).

22. When Plaintiff answered the calls, she heard silence at first. Then, during the silence and after several attempts to say "hello" by Plaintiff, one of Defendant's live representatives would come onto the line.

23. Plaintiff realized that Defendant was trying to reach someone else in regard to an allegedly unpaid debt. Plaintiff initially tried to explain to Defendant's live representative that she was not the person Defendant was seeking to contact. Plaintiff believed that Defendant was trying to contact her daughter-in-law, and informed Defendant of her belief.

24. Nonetheless, Defendant persisted in calling in a massive volume. As the calls continued, Plaintiff became increasingly frustrated. Each time Plaintiff spoke with Defendant's live representative, she explicitly revoked her consent to be called using an ATDS.

25. Plaintiff even called Defendant to inform Defendant that she was not the person Defendant was attempting to reach. Still, Defendant continued to call.

26. The purpose of Defendant's calls was to collect a past due debt from someone other than Plaintiff.

27. Defendant's behavior was harassing – Plaintiff received on average more than four calls per day and ten calls per week, on occasion receiving even five or more calls in a single day.

28. Plaintiff felt the calls were an invasion of her privacy and wanted Defendant to stop calling. Defendant ignored Plaintiff's requests to further its own agenda: threaten and harass Plaintiff until she agreed to pay an allegedly past due loan balance.

29. Based on the circumstances of the calls – including, but not limited to, the multiple calls, Plaintiff not being engaged by a live person, and Defendant calling despite Plaintiff's request

to Defendant to stop calling (indicating a computer automatically dialed the number again) – Plaintiff believed Defendant called her cellular telephone using an ATDS that mechanically selected her number from a computer database.

30. On information and belief, Defendant's ATDS called Plaintiff on every occasion.

31. The telephone number Defendant called was assigned to a cellular telephone service for which she loses minutes she paid for pursuant to 47 U.S.C. § 227(b)(1).

32. Plaintiff is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 3386.

33. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

34. All calls Defendant made to Plaintiff violate 47 U.S.C. § 227.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*)

35. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200, *et seq.*

37. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### (KNOWING AND/OR WILLFUL VIOLATION OF
### THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*)

39. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

41. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.* Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## ATTORNEY'S FEES

60. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

61. Plaintiff is entitled to recover reasonable attorney fees and request the attorneys' fees be awarded.

## JURY DEMAND

62. Plaintiff, individually and on behalf of the Plaintiff Class, demand a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

- An award of $500.00 in statutory damages, for each and every negligent

- violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- An award of $1,500.00 in statutory damages, for each and every willful and/or knowing violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- Actual damages, including mental anguish.

- Preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones, and enjoining Defendant from engaging in abusive and oppressive calling practices as outlined in this Complaint.

- Attorneys' fees, costs and any and all other relief deemed just and proper.

Dated: June 24, 2016                              Respectfully Submitted,


                                                  */s/ Jarrett L. Ellzey*_____
                                                  W. Craft Hughes
                                                  Jarrett L. Ellzey
                                                  **HUGHES ELLZEY, LLP**
                                                  2700 Post Oak Blvd., Ste. 1120
                                                  Galleria Tower I
                                                  Houston, TX 77056
                                                  Phone: (713) 554-2377
                                                  Fax: (888) 995-3335
                                                  E-Mail: craft@hughesellzey.com
                                                              jarrett@hughesellzey.com

                                                  Bryant Fitts
                                                  **FITTS LAW FIRM, PLLC**
                                                  2700 Post Oak Blvd., Suite 1120
                                                  Houston, Texas 77056
                                                  Phone (713) 871-1670
                                                  Fax (713) 583-1492
                                                  Email: bfitts@fittslawfirm.com

                                                  **ATTORNEYS FOR PLAINTIFF**

_____